Raymond E. PARDEE,
Plaintiff-Appellant,

v.

Robert MOSES, Defendant-Appellee.

No. 79–1533
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 1, 1979.

Raymond E. Pardee, pro se.

Jim Smith, Atty. Gen., Horace Schow, II, Asst. Atty. Gen., Tallahassee, Fla., for defendant-appellee.

Before GODBOLD, GEE and HILL, Circuit Judges.

PER CURIAM:

Appellant Raymond E. Pardee, a Florida state prison inmate, filed a pro se civil rights action under 42 U.S.C. § 1983 against Robert Moses, an assistant state attorney for the Eighth Judicial Circuit of Florida. Pardee alleged, among other things, that prosecutor Moses deliberately withheld from him and his attorney an affidavit executed by one Gene Melvin Jones, in which Jones confessed to a robbery with which Pardee was charged, and deliberately falsified records to indicate that at the time of the robbery Jones was in the custody of the sheriff of Springfield, Massachusetts.

Moses moved for a more definite statement on September 25, 1978, and on September 27, 1978, the magistrate granted the motion, according Pardee 20 days to respond. The proceeding sheet discloses no response from Pardee before October 19, 1978, when the magistrate issued an order to show cause within ten days why the complaint should not be dismissed for lack of prosecution. Pardee responded, on October 27, 1979, that he had previously filed a motion for an extension of time in order to obtain assistance from a "jailhouse lawyer" in preparing his more definite statement. On November 1, 1978, the magistrate granted Pardee a ten-day extension to submit a more definite statement, noting that Pardee had perhaps mistakenly made his extension motion in another of his pending cases. On November 15, 1978, Moses filed a supplemental motion for a more definite statement, which complained of deficiencies in the more definite statement he had recently received from Pardee.[1]  On November 27,

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

1. Although served on Moses, Pardee's more definite statement evidently never was filed, since the proceeding sheet does not include it among the proceedings in this case.

1978, the trial judge ordered that Pardee's complaint be dismissed with prejudice under Fed.R.Civ.P. 12(e)[2] for failure to state a claim that was sufficiently definite to allow the defendant reasonably to frame his responsive pleading.[3]

Pardee appeals the dismissal of his complaint, arguing essentially that this sanction was improperly drastic because on November 9, 1978, he had complied with the order to provide a more definite statement, as evidenced by Moses' having received the more definite statement and having made a supplemental motion for a more definite statement in response to it. We agree with appellant Pardee that the dismissal of his complaint exceeded the judge's discretion, in the circumstances of this case, where the pro se plaintiff's more definite statement was served but not filed.

> We believe that
>
> Where a motion for a more definite statement is justified and an effort is made to comply with the order of the court granting it, the insufficiency of the effort does not justify automatic dismissal of the action. . . . The draconian remedy of dismissal of the action should be invoked only as a last resort . . . .

*Schaedler v. Reading Eagle Publication, Inc.*, 370 F.2d 795, 798–99 (3d Cir. 1967). *See* 2A *Moore's Federal Practice* § 12.20 at pp. 2417–18 (1979) ("Where a more definite statement is served within the prescribed time, but it does not comply with the court's order, the court may dismiss the action. This would rarely be justified, however, unless the party had first been given another opportunity to serve a proper pleading.").

This conclusion is in harmony with our holding in *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385–86 (5th Cir. 1978), reversing the trial judge's analogous dismissal of a section 1981 action under Fed.R.Civ.P. 16 and 41(b) for failure of the plaintiff's attorney to prepare for and appear at a pretrial conference. There we recognized that the district court had authority, upon disregard of an order to the attorneys for each party to prepare for and appear at a pretrial conference, to "impose appropriate sanctions on the offending party and his counsel, including, if necessary, dismissal of the plaintiff's action." *Id.* at 385. But we also recognize that the "discretion vested in the trial court to select an appropriate sanction is broad but not unlimited" and that "[i]n this circuit it is well established that dismissal with prejudice is a drastic remedy to which a court may resort only in extreme situations where there is 'a clear record of delay or contumacious conduct by the plaintiff.' . . . Absent such a showing the trial court's discretion is limited to the application of lesser sanctions designed to achieve compliance with court orders and expedite proceedings." *Id.* at 385 (quoting *Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967)). *See Graves v. Kaiser Aluminum & Chemical Co.*, 528 F.2d 1360 (5th Cir. 1976); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974). The present case does not reveal such a "clear record of delay or contumacious conduct" by Pardee.

Moreover, in the present case any inadequacy of Pardee's effort to amend his complaint to provide a proper pleading must be judged in light of the "extenuating circumstances that it was written by a lay

---

**2.** Rule 12(e) provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within [ten] days after notice of the order or within such other time as the court may fix,

the court may strike the pleading to which the motion was directed or make such order as it deems just.

**3.** The trial court's opinion provided in relevant part that:

> As plaintiff has failed continuously to respond to the various orders entered by the court, plaintiff's complaint shall hereby be dismissed for failure to set forth a claim to which the defendant could reasonably frame a responsive pleading.

litigant appearing pro se and that there is no reason to question the good faith of his attempt to comply with the court's order." *Schaedler v. Reading Eagle Publications, Inc., supra.* In addition, the Rule 12(e) dismissal was not necessary to do justice to the defendant below. Moses made no claim that his rights had been prejudiced, nor could he, since he had received the more definite statement. *Cf. Silas v. Sears, Roebuck & Co., supra* at 386 (dismissal with prejudice under Fed.R.Civ.P. 41(b) improper when, inter alia, it was "not required to do justice to the defendant, who has made no claim that his rights have been sufficiently prejudiced to require so drastic a sanction").

For these reasons, the order dismissing appellant Pardee's complaint is reversed, and the cause is remanded with instructions that he be given another opportunity to comply fully with the district court's order. We intimate no judgment on the merits of the claim.

REVERSED AND REMANDED.