**Betty Q. Keasler RUBIN,**
**Plaintiff-Appellant,**

v.

**Marie L. O'KOREN et al.,**
**Defendant-Appellee.**

No. 78–3300.

United States Court of Appeals, Fifth Circuit.

July 7, 1980.

Gould H. K. Blair, Birmingham, Ala., for plaintiff-appellant.

Robert W. Patrick, Mark R. Swanson, Atlanta, Ga., for amicus curiae L. Burke Lewis.

Ina Leonard, Birmingham, Ala., for defendant-appellee.

Appeal from the United States District Court for the Northern District of Alabama.

Before SIMPSON, HILL and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge:

After being dismissed from her employment as a full-time instructor at the University of Alabama, Betty Q. Keasler Rubin brought suit in federal district court for reinstatement and damages under 42 U.S.C. § 1983. She now appeals from a district court order dismissing the action for failure to file her claim within the applicable statute of limitations period. We reverse and remand for further proceedings.

On February 14, 1975, Mrs. Rubin was notified that upon expiration of her current contract with the University in September, 1975, it would not be renewed for the succeeding year. She was provided a one-year notice period and completed her last day of employment on March 12, 1976. Shortly thereafter Rubin instituted an administrative complaint with a University grievance committee which sustained her dismissal in February, 1977. On October 11, 1977, Rubin brought this action in federal district court claiming that her termination abridged her constitutional right to due process of law in violation of 42 U.S.C. § 1983. Motion to dismiss was granted for failure to file within the one-year statute of limitations period required by Alabama statute.

We must decide (1) whether the administrative grievance procedure tolled the running of the statute of limitations period, and (2) whether the district court erred in rejecting Rubin's claim of estoppel.

I.

The district court correctly applied Alabama law to determine the applicable statutory limitations period. *Lavellee v.*

*Listi*, 611 F.2d 1129 (5th Cir. 1979); *Kissinger v. Foti*, 544 F.2d 1257 (5th Cir. 1977). It is well-established that "in a § 1983 action a federal court looks to state law for the appropriate limitations period." *Ehlers v. City of Decatur*, 614 F.2d 54, 55 (5th Cir. 1980); *Prince v. Wallace*, 568 F.2d 1176 (5th Cir. 1978). Because Rubin's suit represents an action for "injury to the person or rights of another not arising from contract," we agree with the district court that the one-year statutory period set forth in Title 6, § 6–2–30(a)(5), Code of Alabama (1975), is applicable. *See Ingram v. Steven Robert Corp.*, 419 F.Supp. 461 (S.D.Ala.1976), aff'd 547 F.2d 1260 (5th Cir. 1977); *Sewell v. Grand Lodge of the International Association of Machinists and Aerospace Workers*, 445 F.2d 545 (5th Cir. 1971).

■ Although the appropriate statute of limitations period is derived from state statute, "the question when a federal cause of action *accrues* is a matter of federal, not state law." *Lavallee v. Listi* at 1130; *Donaldson v O'Connor*, 493 F.2d 507 (5th Cir. 1974), vacated and remanded on other grounds, 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975). A cause of action accrues under § 1983 when the plaintiff "knows or has reason to know of the *injury* which is the basis of the action." *Lavallee v. Listi* at 1131 (emphasis added). For the cause of action to accrue, a plaintiff must first have suffered an injury supporting the maintenance of a suit to enforce his claim. *Dore v. Kleppe*, 522 F.2d 1369 (5th Cir. 1975); *United States v. One 1961 Red Chevrolet Impala Sedan*, 457 F.2d 1353 (5th Cir. 1972).

■ Until her last day of employment, Rubin could not be certain that she would suffer any recompensable injury. *See Bell v. Aerodex, Inc.*, 473 F.2d 869 (5th Cir. 1973). When her employment period terminated and she ceased to perform paid services for the University, Rubin's injury was complete and her cause of action accrued. *Ingram v. Steven Robert Corp.; Larry R. George Sales Co. v. Cool Attic Corp.*, 587 F.2d 266 (5th Cir. 1979); *Sewell v. Grand Lodge*.

■ Rubin filed her suit in federal court over a year and a half after her last day of employment with the University. The grievance procedure, however, was filed less than one month after the cause of action accrued. Rubin argues that by filing her administrative grievance with the University she tolled the running of the statutory period. We disagree.

Alabama law determines whether filing the administrative grievance tolled the one-year limitations period. This is so, because federal courts, in § 1983 actions, must not only apply the appropriate state statute of limitation, but also must apply the applicable state rule for tolling that statute of limitations. *Board of Regents v. Tomanio*, —— U.S. ——, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). *Tomanio* also requires that the state tolling rule not be inconsistent with the policies underlying § 1983 as an independent federal remedy.

The general rule in Alabama is that "[a]ll civil actions must be commenced after the cause of action has accrued within the period prescribed in this article and not afterwards, unless otherwise specifically provided for in this Code." Title 6, § 6–2–30, Code of Alabama (1975). No section specifically provides that the time for filing under the one-year limitation of § 6–2–39(a)(5) is tolled during the period in which a litigant pursues an administrative grievance. This Alabama tolling procedure is consistent with the policies underlying § 1983 as articulated in *Tomanio*. It follows that Rubin's pursuit of her administrative grievance with the University does not absolve her from the responsibility to file § 1983 claims within the appropriate statutory time period.

## II.

■ Rubin claims that in reasonable reliance on statements made by University administration officials, she concluded her administrative grievance before filing her federal claim. She insists that as a result, the appellees are estopped to claim the statute of limitations defense.

In determining whether Rubin's claim of estoppel was sufficiently pleaded, we look to federal procedural rules. The adoption of a state limitations period "does not require the supplanting of the Federal Rules governing the procedure by which affirmative defenses . . . must be raised." *Moore v. Tangipahoa Parish School Board*, 594 F.2d 489, 495 (5th Cir. 1979). Under the Federal Rules of Civil Procedure, estoppel is an affirmative defense which must be pleaded and proved with particularity. Rule 8(c), Fed.R.Civ.P.; *Willie v. Harris County Texas*, 202 F.Supp. 549 (S.D.Tex.1962). Because estoppel is premised on a showing of "intentional deception . . . or gross negligence amounting to constructive fraud," the claimant must plead with particularity the circumstances and elements supporting the defense. *Matter of Henderson*, 577 F.2d 997 (5th Cir. 1978); *Caplan v. Roberts*, 506 F.2d 1039 (9th Cir. 1974).

Rubin alleged in her complaint that two officials at the University, the chief counsel and the personnel director, advised her to "proceed as in fact she did" and to pursue her administrative grievance prior to court action. These allegations fail to meet the test of sufficiency. Rubin did not state when, where, and in what context the alleged statements were made, all critical factors in assessing her entitlement to relief.

In determining the appropriate disposition of this case, however, we must give full consideration to the rule in this circuit discouraging the dismissal of cases "on purely technical grounds and [favoring] the liberal construction of complaints." *Sewell v. Grand Lodge* at 550 n.20; *Spalitta v. National American Bank*, 444 F.2d 291 (5th Cir. 1971). This rule has even broader applicability in § 1983 suits where civil rights violations are alleged. *Pardee v. Moses*, 605 F.2d 865 (5th Cir. 1979); *Slavin v. Curry*, 574 F.2d 1256 (5th Cir. 1978). Complaints in such actions should not be dismissed "unless it appears beyond doubt that the plain-tiff can prove no set of facts in support of his claim which would entitle him to relief." *Shaw v. Briscoe*, 541 F.2d 489, 490 (5th Cir. 1976). As in *Pardee*, we note that "[i]n this circuit it is well established that dismissal with prejudice is a drastic remedy to which a court may resort only in extreme situations where there is 'a clear record of delay or contumacious conduct by the plaintiff.'" *Pardee v. Moses* at 866. This case does not reveal a clear record of delay or contumacious conduct. Accordingly, we remand to the district court for further proceedings. On remand, Rubin shall be allowed to allege her estoppel defense with particularity in a second amended complaint.

The district court order dismissing the complaint is reversed.

REVERSED AND REMANDED.