Robert A. OLDING, Michael T. Grillot, Plaintiffs,

v.

R.L. CASEY, et al., Defendants.

No. C-3-85-941.

United States District Court, S.D. Ohio, W.D.

June 26, 1987.

Konrad Kuczak, Dayton, Ohio, for plaintiffs.

Kenneth R. Pohlman, Asst. Pros. Atty., and A. Mark Segreti, Jr., Dayton, Ohio, for defendants Casey, Dillon, Daniel and Montgomery County.

Neil F. Freund, Dayton, Ohio, for defendants Reynolds, Dalrymple, Rice and City of Dayton.

Stanley S. Phillips, Roger B. Turrell, Dayton, Ohio, for defendants Gentry and Clemmer.

RICE, District Judge.

Counsel for the City of Dayton, Robert Reynolds, Carl Dalrymple, Charles Gentry, Jack Rice, and Robert Clemmer has/have moved this Court under Rule 12(b)(6) for an Order dismissing the Plaintiffs' cause on the ground that said cause is barred by the applicable statute of limitations. (Doc. # 11). For the reasons that follow, said Defendants' Motion is sustained, and the Plaintiffs' Complaint is dismissed, without prejudice (with the one exception herein noted) to the Plaintiffs' right to file an Amended Complaint within fourteen (14) days of receipt of notice of this decision.

The Plaintiffs herein were convicted of aggravated trafficking in drugs in the Common Pleas Court of Montgomery County in late 1981.[1] Those convictions were subsequently vacated in July, 1985 and November, 1985 by Judge Brown of the Common Pleas Court of Montgomery County, Ohio, on the ground that the Plaintiffs' arrests and convictions were based, in substantial part, on evidence garnered through the use of illegal electronic surveillance.

The Plaintiffs filed this action on December 20, 1985, pursuant to 42 U.S.C. § 1983 and § 1988, alleging that the actions of the Defendants, acting under color of state law, deprived the Plaintiffs of their constitutionally guaranteed civil rights. Specifically, the Plaintiffs allege that the Defendants, through the use of illegal electronic surveillance, concealment of evidence, perjured testimony, and the destruction and/or misappropriation of evidence, violated their civil rights. (Complaint, Doc. #1, ¶¶ 10 and 17).

DISCUSSION

■ In considering a Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted, this Court must construe the facts as alleged by the Plaintiffs as true, and may only dismiss the Complaint if it appears beyond doubt that the Plaintiffs can prove *no* set of facts which would entitle them to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The uniformly accepted rule is that a defendant may, by way of a Rule 12(b)(6) motion, raise the affirmative defense that the plaintiff's cause of action is barred by the statute of limitations. *Rauch v. Day and Night Mfg. Corp.,* 576 F.2d 697, 702 (6th Cir.1978). However, a Motion to Dismiss on the basis of an affirmative defense can be granted only where the defense appears valid from the face of the Complaint alone. *Rauch, supra; see also Basile v. Merrill Lynch, Pierce, Fenner & Smith,* 551 F.Supp. 580, 591 (S.D.Ohio 1982).[2]

The parties are in agreement that the Sixth Circuit's decision in *Mulligan v. Hazard,* 777 F.2d 340 (6th Cir.1985), is controlling in this case. In *Mulligan,* the Sixth Circuit applied *Wilson v. Garcia,*[3] 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), retroactively to cases already filed but not decided prior to *Wilson,* and established the one year limitations period found in Ohio Rev.Code § 2305.11 as the applicable statute of limitations for § 1983 actions brought in Ohio. The parties disagree, however, as to when the Plaintiffs' causes of action accrued under § 2305.11, so as to begin the running of the one-year limitations period.

■ In *Sevier v. Turner,* 742 F.2d 262 (6th Cir.1984), the Court of Appeals for the Sixth Circuit addressed the accrual of civil rights causes of action and held that

[a]lthough state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run. *The statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action.* A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence.

1. Although the date of the Plaintiffs' convictions is not pleaded in the Complaint, it is clear from a reading of the Defendants' Motion to Dismiss and Memorandum in Support thereof that the Plaintiffs were convicted in late 1981.

2. Where the existence of the affirmative defense does not appear on the face of the Complaint, the defendant may still raise the defense by way of a motion for summary judgment, or by attaching an affidavit to the motion to dismiss, which Rule 12(b) permits the court to treat as a motion for summary judgment. The Defendants herein, however, have not attached any affidavits to their Motion to Dismiss. The Plaintiffs have attached an affidavit of Konrad Kuczak to their memorandum contra, which, by raising an inference of fraudulent concealment, is arguably relevant to the statute of limitations issue, but which the Court has *not* considered in ruling on the Defendants' Motion to Dismiss.

3. In *Wilson v. Garcia,* the Supreme Court held that, as a matter of law, § 1983 actions should be characterized as personal injury actions for the purpose of determining the applicable statute of limitations.

*Id.* at 272–73 (citations omitted) (emphasis added). *See also, Keating v. Carey,* 706 F.2d 377 (2d Cir.1983) (under federal law, the statute of limitations does not begin running until the plaintiff discovers, or through the exercise of reasonable diligence, should have discovered the cause of action); *Rubin v. O'Koren,* 621 F.2d 114 (5th Cir.1980) (plaintiff's cause of action for a violation of her civil rights stemming from her discharge from employment accrued upon her last day of employment, as that date represented the date that she knew or should have known of her injury). Therefore, the Plaintiffs' claims accrued on the date that they discovered or should have discovered the violation of their civil rights.

▪ The Defendants, in their Motion to Dismiss, argue that the Plaintiffs' causes of action accrued on the date of their convictions, and that more than one year has elapsed between accrual and the filing of the Complaint. Because it appears, *from the face of the Complaint alone,* that the Plaintiffs' action was not filed within one year of accrual, the Motion to Dismiss must be sustained. Indeed, no facts and/or conclusions are plead which even raise a permissible inference that the accrual of the Plaintiffs' cause of action occurred within a period of one year prior to the filing of this lawsuit.

The Plaintiffs' Complaint does not indicate the date upon which they discovered that their civil rights had been (allegedly) violated. Nor does the Complaint indicate the date upon which the Plaintiffs were convicted, although clearly said convictions had to occur prior to the Plaintiffs' beginning their periods of incarceration (Olding, July 12, 1982; Grillot, January 7, 1983). The Complaint merely alleges that the Plaintiffs were incarcerated, and that their convictions were vacated on July 12, 1985

and November 25, 1985. Moreover, the Complaint neither alleges that the Plaintiffs were unable to discover the alleged violations of their civil rights prior to December 20, 1984—the one year period prior to the filing of their Complaint—nor that the Defendants fraudulently concealed their actions from the Plaintiffs.[4]

Accordingly, because it appears, from the face of the Complaint alone, that the Plaintiffs' action was brought after the expiration of the one year period of limitations, the Defendants' Motion to Dismiss must be sustained. The Plaintiffs' Complaint is dismissed without prejudice (with the one exception noted, *infra,* wherein an aspect of Olding's claim is dismissed with prejudice). The Plaintiffs, however, are hereby granted leave of Court to file an Amended Complaint containing the date of the convictions, as well as factual allegations in support of their argument that the statute of limitations is not a bar to the action. Said Amended Complaint must be filed within 14 days from the receipt of this decision.

The Plaintiffs', in their Memorandum Contra the Defendants' Motion to Dismiss, argued that the limitations period was tolled by the doctrine of fraudulent concealment. Under Fed.R.Civ.P. 9(b), a party alleging fraudulent concealment must plead the circumstances giving rise to it with particularity.

> Three elements must be pleaded in order to establish fraudulent concealment: (1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discovery the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts.

*Campbell v. Upjohn Co.,* 676 F.2d 1122, 1126 (6th Cir.1982). The Plaintiffs' Amend-

---

4. While the Complaint does allege that the Defendants concealed evidence favorable to the Plaintiffs, committed perjury, and destroyed or misappropriated evidence and that these acts were "reasonably calculated to result in the unlawful prosecution, conviction and incarceration" of the Plaintiffs, the Court is unable and, for that matter, not allowed in ruling on a motion to dismiss which challenges the facial

validity of the Complaint, to infer that such actions were of such a nature that they would not be readily discoverable or apparent to the Plaintiffs and that, therefore, the Plaintiffs did not discover, or through the exercise of reasonable diligences should or could not have discovered such actions until a period of time within one year of the filing of the Complaint.

ed Complaint must clearly plead each of the above elements. If the Plaintiffs can demonstrate the elements of fraudulent concealment, the statute of limitations time period would not begin to run until that fraudulent concealment ended.[5] "In order to prove fraudulent concealment, plaintiff must show that he failed to discover facts that serve as the basis of his cause of action despite due diligence on his part to discover the facts, and that the concealment was fraudulently committed by the party or parties sought to be held responsible by the plaintiff." *Shapiro v. Cook United, Inc.*, 762 F.2d 49, 51 (6th Cir.1985). However, "an injured party has a positive duty to use diligence in discovering his cause of action within the limitations period. Any fact that should excite suspicion is the same as actual knowledge of his entire claim. Indeed, 'the means of knowledge are the same thing as knowledge itself.'" *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975) (quoting *Wood v. Carpenter*, 101 U.S. (11 Otto) 135, 143, 25 L.Ed. 807 (1879)).

Finally, Plaintiff Olding alleges that, at the time of his arrest (which occurred, presumably, in 1981), he was "pistol-whipped" by the Defendants. (Complaint, ¶ 12). This claim is clearly barred by the one year statute of limitations contained in Ohio Rev.Code § 2305.11 (assault and battery). Olding's claim for damages based upon the alleged pistol-whipping, therefore, is dismissed *with prejudice.* The Plaintiff Olding need not (and, indeed, should not) replead that claim in the Amended Complaint.

In light of this Court's decision sustaining the Defendants' Motion to Dismiss, and in light of the fact that the April 6, 1987 trial date has been vacated, the following motions are deemed by this Court to be moot: (a) the Plaintiffs' Motion for Rescheduling of Cut-off Dates (Doc. # 21); (b) the Plaintiffs' Motion for an Extension of Time within which to respond to the Defendants' Motion for Summary Judgment (Doc. # 23), which sought an extension of time until this decision on the Motion to Dismiss was announced; and (c) the Defendants' Motion for Relief from the Trial Date and for a Stay of Proceedings (Doc. # 26).

Pending the filing of the Plaintiffs' Amended Complaint, this case is to remain on the Court's active docket.

Counsel listed below will take note that a telephone conference call will be had at 1:30 p.m. on Thursday, July 2, 1987, for the purpose of setting a trial date and other dates leading to the resolution of this litigation.

motion to dismiss the Amended Complaint upon statute of limitations grounds.

---

**5.** The pleading of the elements of fraudulent concealment would be sufficient (depending upon the pleading of other facts) to withstand a