Nathaniel IVEY, Plaintiff,

v.

DeKALB COUNTY DEPARTMENT OF PUBLIC SAFETY, F.D. Hand, Jr., In His Individual Capacity As Director of Public Safety; Nellie Reese and Richard E. Conley, In Their Individual and Official Capacities As Board Members of The DeKalb County Merit System County Commissioner, Defendants.

Civ. A. No. 87–558A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 26, 1987.

Nathaniel Ivey, pro se.

Sidney Johnson, DeKalb County Atty., Decatur, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging defendants, by terminating him from employment, deprived him of his property without due process in violation of the Fourteenth Amendment.[1] Plaintiff seeks damages and injunctive relief. This court's jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1343. Currently before the court is defendants' motion to dismiss. For the reasons stated herein, the court GRANTS the motion.

## FACTS

Plaintiff was employed by the DeKalb Department of Public Safety as a police officer from September 28, 1981 to March 8, 1985. Complaint, ¶ 9; Affidavit of F.D. Hand, Jr., ¶ 4, Exhibit "A" to Defendants' Motion to Dismiss ("Hand Affidavit"). Following an Internal Affairs investigation

---

1. On June 4, 1987 plaintiff amended his complaint to delete the DeKalb Department of Public Safety as a defendant, add DeKalb County as a party defendant, delete certain claims and retain a claim only under 42 U.S.C. § 1983. Because defendants have not yet filed and served an answer in this action, plaintiff was entitled to amend his complaint without obtaining leave of court. The court, therefore, considers defendants' motion to dismiss as it pertains to the amended, rather than the original, complaint.

and a grievance hearing, the DeKalb Department of Public Safety ("DDPS") terminated plaintiff's employment, effective March 8, 1985, for "conduct unbecoming an employee of the county while on duty" and "violation of departmental rules." Hand Affidavit, Attachment 1. Defendant Hand, who is and was at the times relevant to this action the Director of the DDPS, notified plaintiff of his termination by means of a letter dated March 6, 1985 and hand delivered to plaintiff on March 8, 1985. *Id.* In the letter, defendant Hand stated the reasons for plaintiff's termination from the DDPS, the procedures followed prior to his termination and informed plaintiff of his right to appeal his termination to the Merit Council. *Id.*

Plaintiff pursued his right of appeal and, following a hearing held April 16, 1985, the Merit Council unanimously upheld the DDPS decision to terminate plaintiff from employment. Defendant Reese, the then-chairman of the DeKalb County Merit Council, notified defendant Hand, by letter dated April 19, 1985, of the Council's decision to uphold the action taken by Hand in terminating plaintiff. See Hand Affidavit, Attachment 2. On March 24, 1987 plaintiff filed the instant action in this court alleging defendants deprived him of his property interest in his continued employment without due process of law in violation of the Fourteenth Amendment.

Defendants bring a motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted because plaintiff allegedly failed to file the complaint within the applicable two-year statute of limitations period. Defendants additionally move to dismiss the complaint for insufficiency of process and insufficiency of service of process (Fed.R.Civ.P. 12(b)(4), (5)) and, as against the DeKalb Department of Public Safety, because the DDPS is not a legal entity capable of being sued. Plaintiff amended his complaint to add DeKalb County and remove the DDPS as a party defendant thus obviating the need for this court to consider defendants' motion to dismiss DDPS. Furthermore, because the court finds, *infra,* that plaintiff did not file his complaint within the statute of limitations period, the court need not consider whether plaintiff's complaint should be dismissed pursuant to Fed.R. Civ.P. 12(b)(4), (5).

## DISCUSSION

■ Both parties agree that the statutory limitations period applicable to this action is the two-year period provided under Ga.Off'l Code Ann. § 9–3–33 (1982) for actions for injuries to the person. *See Wilson v. Garcia,* 471 U.S. 261, 276–77, 105 S.Ct. 1938, 1947–48, 85 L.Ed.2d 254 (1985) (the state limitations statute governing personal injury claims provides the limitations period for all § 1983 claims). The parties are mistaken, however, in also referring to state law for purposes of determining when plaintiff's cause of action accrued. In *Wilson v. Garcia,* the Supreme Court specified that *"[o]nly* the length of the limitations period, and the closely related questions of tolling and application, are to be governed by state law." *Id.,* 471 U.S. at 269, 105 S.Ct. at 1943. (emphasis added). The question of when a § 1983 action accrues is one of federal, rather than state, law. *Mullinax v. McElhenney et al.,* 817 F.2d 711, 716 (11th Cir.1987).

■ Pursuant to federal law, a § 1983 cause of action accrues "when the plaintiff 'knows or has reasons to know of the *injury* which is the basis of the action.' [cit.] For the cause of action to accrue, a plaintiff must first have suffered an injury supporting the maintenance of a suit to enforce his claim." *Rubin v. O'Koren,* 621 F.2d 114, 116 (5th Cir.1980) (quoting *Lavellee v. Listi,* 611 F.2d 1129, 1131 (5th Cir. 1979) (emphasis added in *Rubin* ). In the instant action, the injury suffered by plaintiff was the loss of his job as a police officer with the DDPS. Plaintiff knew or had reason to know of his injury on the date his termination became effective, March 8, 1985, more than two years prior to his filing the present suit.

In his amended complaint, however, plaintiff alleges that the appeal hearing before the Merit Council was conducted without due process. Plaintiff further argues that his injury was not complete and

not actually suffered until the Merit Council upheld the director's decision to terminate plaintiff's employment on April 16, 1985. Thus, plaintiff contends, the statute of limitations period did not begin to run until April 16, 1985, less than two years before he filed suit on March 24, 1987.

To the extent plaintiff argues that he was not injured until the Merit Council upheld his termination on April 16, 1985, his contentions must fail. The alleged constitutional injury plaintiff suffered was the deprivation of his property caused by his termination from employment. In *Rubin v. O'Koren, supra,* the former Fifth Circuit, in an opinion binding on this court, considered an analogous argument made by a plaintiff whose employment with a state university was terminated. The *Rubin* court held "when her employment period terminated and she ceased to perform paid services for the University, [plaintiff's] injury was complete and her cause of action accrued." *Rubin, supra,* 621 F.2d at 116. Thus in the instant action plaintiff's injury was complete and his cause of action accrued on March 8, 1985, the effective date of his termination.

Although not specifically stated in his brief, plaintiff appears to argue in the alternative that his appeal to the DeKalb County Merit Council tolled the running of the statute of limitations. Even this argument, however, must fail. While the question of when a cause of action accrues is a matter of federal law, the questions of tolling and application of the limitations period are governed by state law. In *Rubin, supra,* the Fifth Circuit looked to the state law to determine whether plaintiff's filing of an administrative grievance tolled the limitations period. The *Rubin* court found that "[n]o section [of the state code] specifically provides that the time for filing ... is tolled during the period in which a litigant pursues an administrative grievance." *Id.*

As in *Rubin,* the plaintiff in the instant case failed to cite, and this court failed to find, any section in the Georgia Code which provides that the two-year limitations period under § 9-3-33 is tolled during the peri-

od in which a plaintiff appeals an employment termination decision. The Supreme Court has held that a litigant need not exhaust state judicial or administrative remedies prior to instituting a § 1983 action in federal court. *Board of Regents v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440; *Patsy v. Florida Board of Regents,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). The absence in the Georgia Code of a specific provision tolling the limitations period during a plaintiff's appeal of a termination decision is in accord with the policies of § 1983 as set forth in *Tomanio* and *Patsy, supra.*

The *Rubin* court's holding is binding on this court and applicable to the instant case: plaintiff's pursuit of his appeal to the Merit Council "does not absolve [him] from the responsibility to file § 1983 claims within the appropriate statutory time period." *Rubin, supra,* 621 F.2d at 116. Accordingly, because plaintiff's injury was complete and his cause of action accrued on March 8, 1985 and plaintiff failed to file the instant action until March 24, 1987, his action is time barred pursuant to Ga.Off'l Code Ann. § 9-3-33. The court, therefore, GRANTS defendants' motion to dismiss and hereby TERMINATES this action.