**D.E. SALISBURY, Plaintiff,**

v.

**Donnie McWHORTER, County Judge Executive of Clinton County, Kentucky and the Clinton Fiscal Court, Defendants.**

**Civ. A. No. C–88–0100–BG(M).**

United States District Court,
W.D. Kentucky,
at Bowling Green.

April 18, 1989.

James M. Frazer and John P. Jones, II, Frazer and Jones, Monticello, Ky., for plaintiff.

Stephen L. Hixson, Hixson, Downey & Travelsted, Bowling Green, Ky., for defendants.

## MEMORANDUM AND ORDER

MEREDITH, District Judge.

This matter is before the Court on the motion of the defendant, Donnie McWhorter, to dismiss this action based on the statute of limitations. The instant case was filed on June 29, 1988 and alleges discrimination against the plaintiff caused by the transfer of the plaintiff for political reasons and because of his age. The complaint further alleges that due to the acts of the defendant, the plaintiff was forced to retire from county service on June 30, 1987. The defendant argues that the action accrued on June 17, 1987, when the plaintiff was advised that he could either retire or be transferred. The plaintiff asserts that the limitations period must be measured from the time of injury not the time when the plaintiff was notified of the impending injury.

The parties agree that in this § 1983 action, the state statute of limitations for personal injuries is applicable. K.R.S. 413.-140, *Jones v. Shankland*, 800 F.2d 77 (6th Cir.1986), *cert. denied*, 481 U.S. 1048, 107 S.Ct. 2177, 95 L.Ed.2d 834 (1987). A cause of action under § 1983 accrues when the plaintiff knows or should have reason to know of the injury. *Rubin v. O'Koren*, 621 F.2d 114, 116 (5th Cir.1980). In *Chardon v. Fernandez*, 454 U.S. 6, 102 S.Ct. 28,

70 L.Ed.2d 6 (1981), the Supreme Court of the United States addressed a similar issue as that raised in the case at bar. In *Chardon*, a Department of Education administrator was notified of his termination of employment more than one year before he filed his § 1983 action. The Supreme Court reiterated its holding in *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980) in which the Court held that the cause of action accrued on the date Ricks was denied tenure rather than on the date his employment terminated.

> "In *Ricks*, we held that the proper focus is on the time of the *discriminatory act*, not the point at which the *consequences* of the act become painful.... The fact of termination is not itself an illegal act. In *Ricks*, the alleged illegal act was racial discrimination in the tenure decision. Here, the respondents allege that the decision to terminate was made solely for political reasons, violative of First Amendment rights. There were no other allegations, either in *Ricks* or in these cases, of illegal acts subsequent to the date on which the decisions to terminate were made. As we noted in *Ricks* '[m]ere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination.' "

*Chardon*, 102 S.Ct. at 29. Under the reasoning established in *Chardon* and *Ricks*, plaintiff's cause of action accrued on June 17, 1987, when he was notified of the transfer or his choice to retire. No other acts have been alleged since that date. It was the alleged age and political discrimination at the time of the notification that was the illegal act, not the termination itself.

Wherefore,

IT IS HEREBY ORDERED that the motion of the defendant to dismiss based on the statute of limitations be and hereby is sustained.

This is a final and appealable Order there being no just cause for delay.