**Ronald WALSTON, Plaintiff,**

v.

**CITY OF PORT NECHES,
et al., Defendants.**

No. 1:97–CV–185.

United States District Court,
E.D. Texas,
Beaumont Division.

Oct. 17, 1997.

Rife S. Kimler, Port Arthur, TX, for Plaintiff.

Richard G. Lewis, Boneau & Lewis, Port Arthur, TX, Otto D. Hewitt, III, Hewitt Law Firm, Alvin, TX, for Defendants.

*ORDER DENYING DEFENDANTS' MOTION TO DISMISS BASED ON LIMITATIONS, DENYING CITY'S MOTION TO DISMISS, AND GRANTING DEFENDANT GENE MARSH'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S "OFFICIAL CAPACITY" ACTION AGAINST HIM*

SCHELL, Chief Judge.

Before the court are several motions and responses, filed by one or more of the Defendants:

a) Defendants' Motion to Dismiss Based on Limitations, filed. on September 12, 1997 ("Limitations Motion"). Plaintiff filed a response on September 22, 1997;

b) Defendant City of Port Neches' Motion to Dismiss, filed on September 5, 1997 ("City's Motion to Dismiss"). Plaintiff filed a response on September 11, 1997;

c) Defendant Gene Marsh's Motion for Summary Judgment as to Plaintiff's "Official Capacity" Action against him, filed on September 5, 1997 ("Marsh's Official Capacity Motion"). Plaintiff filed a response on September 22, 1997.

Upon consideration of the motions, responses, and applicable law, *the court is of*

the opinion that Defendants' Limitations Motion should be DENIED, City's Motion to Dismiss should be DENIED, and Defendant Marsh's Official Capacity Motion should be GRANTED.

## BACKGROUND

Plaintiff Ronald Walston ("Walston") was employed as a police officer with the City of Port Neches ("City") from 1981 through the events which are the basis of this lawsuit. In August 1994, Defendant Charles Bennefield ("Bennefield"), who at the time was the Chief of Police for the City of Port Neches, demanded Walston's resignation. Walston alleges the request for his resignation was part of a personal feud between himself and Chief Bennefield. Walston refused to resign and was immediately suspended.

Walston attempted to obtain unemployment compensation, but was refused. He also attempted to bring the dispute in front of an arbitration board, pursuant to the police union's collective bargaining agreement. He alleges, however, that Chief Bennefield and other named defendants, all of whom were officials of the city or police union, conspired against him to keep the arbitrator from hearing the case.

On February 25, 1995, the arbitrator ruled in Walston's favor and he was reinstated with full back pay. After his reinstatement, however, Walston was indicted on March 30, 1995, by a Jefferson County grand jury on 12 counts for the misapplication of fiduciary property. The criminal charges stem from the same transactions and occurrences which were the subject of the suspension and the arbitration. After the grand jury returned the indictment, the new acting police chief, Leslie McCoy, suspended Walston a second time until the criminal proceedings were completed. Notice of the suspension came by letter dated May 31, 1995. The criminal charges are still pending.

Walston maintains that the initial interference with the arbitration process and the bringing of criminal charges were part of a conspiracy in violation of his constitutional rights. He claims damages under a state conspiracy theory, and under 42 U.S.C. § 1983 for the following:

a) violation of an alleged legitimate expectation in continued employment;

b) violation of an alleged property interest in his job;

c) termination without due process pre-termination;

d) termination without due process post-termination;

e) termination without just cause;

f) violation of an alleged liberty interest in his good name.

Pl.'s Amd. Comp. at paras. 31–37. All defendants have jointly moved to dismiss the case because, they allege, the statute of limitations has run. Further, the City has moved to dismiss the case on the grounds that Plaintiff did not name the City in its "official capacity." Finally, Marsh has moved to dismiss Plaintiff's action against him insofar as it holds Marsh liable in his "official capacity." Marsh argues that an "official capacity" action against an individual is redundant where the City will be indemnifying the individual if he is found liable in that capacity.

## I. DEFENDANTS' MOTION TO DISMISS BASED ON LIMITATIONS

### A. Standard for 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move a court to dismiss an action for "failure to state a claim upon which relief can be granted." On motion under Rule 12(b)(6), the court must decide whether the facts alleged, if true, would entitle the plaintiff to some legal remedy. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Dismissal is proper only if there is either (1) "the lack of a cognizable legal theory" or (2) "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1990). Unless a Rule 12(b)(6) motion is converted to a summary judgment motion, the court cannot consider material outside the complaint. *See Powe v. Chicago,* 664 F.2d 639, 642 (7th Cir.1981); *see also Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1017 (5th Cir. 1996) (considering documents either attached to or incorporated in the complaint as part of

the complaint for 12(b)(6) purposes). The court also may "consider matters of which [it] may take judicial notice." *Lovelace,* 78 F.3d at 1017–18; FED.R.EVID. 201(f) ("Judicial notice may be taken at any stage of the proceeding."). The court must accept as true all material allegations in the complaint as well as any reasonable inferences to be drawn from them. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982). The well-pleaded facts must be reviewed in the light most favorable to the plaintiff. *Piotrowski v. City of Houston,* 51 F.3d 512, 514 (5th Cir.1995). A plaintiff, however, must allege specific facts, not conclusory allegations. *Elliott v. Foufas,* 867 F.2d 877, 881 (5th Cir.1989). Conclusory allegations and unwarranted deductions of fact are not admitted as true. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir.1992).

A pleading, however, "need not specify in exact detail every possible theory of recovery—it must only 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Thrift v. Hubbard,* 44 F.3d 348, 356 (5th Cir.1995) (quoting *Conley,* 355 U.S. at 47, 78 S.Ct. at 103). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45–46, 78 S.Ct. at 102; *Kaiser Aluminum,* 677 F.2d.at 1050. "'The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.'" *Id.* at 1050 (quoting 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (1969)).

"[Rule 12(b)(6) ] must be read in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim in federal court and calls for 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, *supra,* § 1356; *see also Thrift,* 44 F.3d at 356 n. 13. "[T]he Federal Rules of Civil Procedure erect a powerful presumption against rejecting pleadings for failure to state a claim." *Auster Oil & Gas, Inc. v. Stream,* 764 F.2d 381, 386 (5th Cir.

1985). "Rule 8 fosters that policy by sweeping aside the hypertechnical pleading rules that once defeated many an unwary but meritorious claimant." *Id.* "A plaintiff's complaint ordinarily need only be a short and plain statement that gives the defendant notice of what the claim is and the grounds upon which it rests." *Colle v. Brazos County,* 981 F.2d 237, 243 (5th Cir.1993). "Rule 8 indicates that a complaint need only set out a generalized statement of facts from which defendant will be able to frame a responsive pleading." 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, *supra,* § 1357. "However, 'the complaint must contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.'" *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir.1995) (quoting 5 Charles A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 1216 at 156–159).

### B. Proper Statute of Limitations

■ Defendant argues that because Plaintiff sues for damage to the "liberty interest in his good name," the proper statute of limitations for that part of Plaintiff's claim is that of a defamation claim. Therefore, according to Defendant, the proper statute of limitations is one year under Tex. Civ. Prac. & Rem.Code § 16.002, which governs state-based defamation claims in Texas. Defs.' Lim. Mot. at 2.

Congress specified no applicable statute of limitations for actions brought under 42 U.S.C. § 1983. *Wilson v. Garcia,* 471 U.S. 261, 266, 105 S.Ct. 1938, 1941–42, 85 L.Ed.2d 254 (1985) (citing *Board of Regents v. Tomanio,* 446 U.S. 478, 483, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980)). Where a federal law has no applicable statute of limitations, "the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." *Wilson,* 471 U.S. at 266–267, 105 S.Ct. at 1942.

When determining the proper statute of limitations, the nature of the § 1983 claim should not be taken into consideration, since

"[a]lmost every § 1983 claim can be favorably analogized to more than one of the ancient common-law forms of action, each of which may be governed by a different statute of limitations." *Id.* at 272–273, 105 S.Ct. at 1945. A party may be able to characterize a § 1983 claim in several different ways. For example, the same events could give rise to an intentional tort, a defamation claim, or a personal injury action. *Id.* at 273–274, 105 S.Ct. at 1945–46. When examining a statute of limitations, this is problematic since the § 1983 claim may be barred if it is cast as an intentional tort but not barred if it is cast as a personal injury action.

To alleviate the confusion surrounding this issue, the Supreme Court decided that for purposes of a limitations period, all § 1983 claims should be characterized as personal injury actions. *Id.* at 278, 105 S.Ct. at 1947–48; *see also Hardin v. Straub*, 490 U.S. 536, 540, 109 S.Ct. 1998, 2001, 104 L.Ed.2d 582 (1989) (applicable statute of limitations in § 1983 claim is three-year personal injury limitations period under Michigan law); *Owens v. Okure*, 488 U.S. 235, 243, 109 S.Ct. 573, 578, 102 L.Ed.2d 594 (1989) (limitations period for intentional torts would be inappropriate, and personal injury statute of limitations should be used); *Brummett v. Camble*, 946 F.2d 1178, 1183 (5th Cir.1991) (proper statute of limitations for § 1983 cause of action is Tex.Rev.Civ. Prac. & Rem.Code Ann. § 16.003). This limitations period for § 1983 claims is to be determined by borrowing the statute of limitations for personal injury actions under state law. *Wilson*, 471 U.S. at 278, 105 S.Ct. at 1948.

Under Texas law, the proper limitations period for a personal injury action is two years. Tex. Civ. Prac. & Rem.Code Ann. § 16.003. Therefore, Plaintiff's suit will not be barred so long as suit was filed within two years of accrual of the cause of action.

1. Defendants do not specify a particular date of accrual, but presumably their argument is that Walston's cause of action accrued more than two years prior to the filing date of April 11, 1997. Neither did Walston address the date of accrual in his response, claiming only that "Plaintiff has brought his case within two years of the accrual of his section 1983 claim." Pl.'s Resp. at 2.

## C. Accrual of this cause of action

■ Defendants next argue that even if the applicable statute of limitations is two years, "the events complained of occurred within the 1994–1995 time frame." Defs.' Mot. at 2.[1] Although state law supplies the limitations period for § 1983 claims, federal law determines when the cause of action accrues. *Brummett*, 946 F.2d at 1184 (citations omitted). The Fifth Circuit has determined that "a § 1983 claim accrues when the plaintiff 'becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Id.* (quoting *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir.1987)).

The limitations period in a § 1983 suit for damages due to a wrongful termination begins running when the employee receives unequivocal notice of his termination or when a reasonable person would know of the termination.[2] *Burfield v. Brown, Moore, & Flint, Inc.*, 51 F.3d 583, 588–589 (5th Cir. 1995) (citing *Thurman v. Sears, Roebuck & Co.*, 952 F.2d 128 (5th Cir.1992)); *see also Helton*, 832 F.2d at 335 (plaintiff's cause of action for § 1983 suit based on wrongful termination accrued on the date of termination); *Rubin v. O'Koren*, 621 F.2d 114, 116 (5th Cir.1980) (until the last day of employment, plaintiff cannot be certain that an injury will be suffered.)

Here, there is a disputed fact question as to whether Walston's employment was, or has ever been, terminated. However, the date of accrual does not depend on a resolution of that issue. The court need only determine whether Walston had unequivocal notice of his termination prior to April 11, 1995, or if a reasonable person would have known of the termination prior to April 11, 1995. *See Burfield*, 51 F.3d at 589.

Accepting as true for the purposes of this motion to dismiss all of the well-pleaded

2. As stated above, Plaintiff has filed a § 1983 suit based on several underlying harms. The first four underlying harms are based on Plaintiff's alleged wrongful termination from his job as a Port Neches Police Officer. The final underlying harm is based on an injury to Plaintiff's reputation stemming from the alleged termination.

facts, the complaint shows the following allegations:

a) Walston was first suspended on August 31, 1994. He pursued his reinstatement through the police union's arbitration process, as was required under the collective bargaining agreement. The suspension was reversed by the arbitrator on February 25, 1995. Plaintiff won reinstatement and full back pay. Pl's. Amd. Cmplt., Ex. A at 9–11. On February 25, 1997, then, Walston did not receive unequivocal notice that he was terminated. Instead, he received unequivocal notice that he was still employed. Further, the facts as pleaded show that a reasonable person would not have known of a termination as of February 25, 1995. A reasonable person would believe that their job was reinstated, as Walston did. Thus, as of that date the cause of action had not yet accrued.

b) On March 30, 1995, Walston was indicted by a grand jury on criminal charges stemming from the same transaction from which his suspension arose. While the events forming the basis of the indictment are related to Walston's employment troubles, mere notice of the indictment is not a notice of termination. Further, reviewed in the light most favorable to the plaintiff, the facts as pleaded show that a reasonable person would not have known of a termination as of March 31, 1995, merely from the notice of indictment.

c) Walston received a letter from Acting Police Chief Leslie McCoy dated May 31, 1995, referring to the indictment and subsequent criminal proceedings. The letter stated in pertinent part: "Effective this date you are suspended from the Port Neches Police Department without pay ... You will remain suspended without pay until this matter is resolved." Pl.'s Amd. Cmplt., Ex. B. It is unclear whether a termination or final injury occurred as a result of the letter, since Walston has been suspended ever since.

Assuming for the purposes of this motion only that a termination or final injury occurred upon receipt of the May 31, 1995, letter, Walston would not have been aware of the final injury until he received the letter.

Thus, the cause of action would have accrued on the date Walston received the letter, and certainly no earlier than May 31, 1995. The two-year statute of limitations would have run on May 31, 1997; Walston brought suit on April 11, 1997. Thus, the suit is not barred by the statute of limitations. Accordingly, Defendants' Motion to Dismiss Based on Limitations is DENIED in its entirety.

## II. THE CITY'S MOTION TO DISMISS

### A. Background

■ In his Amended Complaint, Walston names the City and several individuals as defendants. While the Complaint names the City's current Chief of Police, Gene Marsh, as a defendant in both his "individual" and "official" capacities, it does not state whether Walston has sued the City in its "individual" or "official" capacity. Pl.'s Amd. Cmplt. at paras. 2, 8. The City now argues that it is entitled to dismissal of the claims against it because, by failing to name it as a defendant in its "official capacity," Walston has not sued the City in a capacity in which it can be held liable. The standard for this Rule 12(b)(6) motion is identical to the standard detailed in Section I(A), *supra*.

### B. Analysis

42 U.S.C. § 1983 imposes liability on any "person," acting under "color of state law," who deprives, or causes to be deprived, any other person of "rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983 (1988); *see Collins v. City of Harker Heights,* 503 U.S. 115, 120, 112 S.Ct. 1061, 1066, 117 L.Ed.2d 261 (1992). Under § 1983, a claimant may sue a natural person in her individual capacity, her official capacity, or both. *See, e.g., Brandon v. Holt,* 469 U.S. 464, 472–73, 105 S.Ct. 873, 878–79, 83 L.Ed.2d 878 (1985).

A claimant may also name a municipality as a defendant when the execution of a municipal policy or custom causes a constitutional injury. *See Owen v. City of Independence,* 445 U.S. 622, 630, 100 S.Ct. 1398, 1404–05, 63 L.Ed.2d 673 (1980). Congress intended for "municipalities and other local government units to be included [along with other natural

persons] among those persons to whom § 1983 applies." *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978). Further, a municipality can be liable under § 1983 even if it is not named as a defendant. *Brandon,* 469 U.S. at 472, 105 S.Ct. at 878.

For example, in *Brandon,* the claimant was allowed to proceed against a municipality, even though the claimant did not expressly name the municipality as a defendant in the suit. *Id.* The Supreme Court held that "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents provided, of course, the public entity received notice and an opportunity to respond." *Id.* at 471–472, 105 S.Ct. at 878. Therefore, a claimant need only allege facts sufficient to alert the municipality of an official custom or policy alleged to have caused a constitutional deprivation in order to survive a Rule 12(b)(6) motion to dismiss. *See e.g., Monell,* 436 U.S. at 694–95, 98 S.Ct. at 2037–38 (stating standard for municipal liability under § 1983); *Thrift v. Hubbard,* 44 F.3d 348, 356 (5th Cir.1995) (a pleading need only give the Defendant fair notice of the claim and its grounds) (citation omitted).

In the present case, the City contends that a local governmental unit can be held liable only if a claimant expressly names the entity as a defendant in its "official capacity." Def.'s Mtn. to Dismiss at 2. Because the Complaint does not expressly name the City as a defendant in its "official capacity," therefore, the City argues that it is entitled to dismissal of Walston's claims against it. Conversely, Walston argues that the "categorizations 'individual capacity' and 'official capacity' are inapplicable to a local government that has been sued itself for actions taken under color of law in its name by its officials pursuant to an official policy or custom of the local government." Pl.'s Resp. to Def.'s Mtn. to Dis. at 2.

Whether a defendant is sued in his "individual" or "official" capacity is material only when the defendant is a natural person. *See, e.g., Brandon,* 469 U.S. at 472–73, 105 S.Ct. at 878–79. Such characterization is relevant because a natural person can act either of his own free will or pursuant to the course and

scope of his official duties. Conversely, a municipality "acts," if it at all, only through its official policies and customs, and is liable only in its official capacity. *See generally Owen,* 445 U.S. at 638–650, 100 S.Ct. at 1409–15. "A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Collins,* 503 U.S. at 121, 112 S.Ct. at 1066 (quoting *Monell,* 436 U.S. at 694, 98 S.Ct. at 2038). Therefore, a municipality does not have two separate capacities in which it can be liable; it has only an official capacity. As long as the City receives proper notice and an opportunity to respond, it is properly joined as a defendant. *Brandon,* 469 U.S. at 471–472, 105 S.Ct. at 877–78.

Here, the Complaint expressly names the City as a defendant. The fact that the Complaint does not name the City as a defendant in its "official capacity" does nothing to affect the propriety of Plaintiff's claims against it. If the City is named, it is joined. Further, the City could be held liable for any judgment against Marsh in his official capacity, even if the City was not named as a defendant. The Complaint alleged facts sufficient to give the City notice by naming it as a party to this suit, gave the City an opportunity to respond, and also alleged facts sufficient to state a claim against it. Therefore, City's Motion to Dismiss is DENIED.

III. DEFENDANT MARSH'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S OFFICIAL CAPACITY SUIT AGAINST HIM

A. *Standard for summary judgment motions*

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2554–55, 91 L.Ed.2d 265 (1986). Summary judgment is proper if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The substantive law identifies which facts are material. *Id.*

The party moving for summary judgment has the burden to show there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. *See id.* at 247, 106 S.Ct. at 2509. Where the movant bears the burden of proof on an issue, she must come forward with evidence that establishes "beyond peradventure all of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir.1986) (emphasis in original). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2553–54. In this instance, the movant is not required to offer evidence to negate the nonmovant's claims. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885–86, 110 S.Ct. 3177, 3187–88, 111 L.Ed.2d 695 (1990). Once the movant has carried its burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial," FED.R.CIV.P. 56(e), and adduce affirmative evidence. *Anderson*, 477 U.S. at 257, 106 S.Ct. at 2514.

Summary judgment evidence is subject to the same rules that govern the admissibility of evidence at trial. *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 175–76 (5th Cir.1990), In considering a motion for summary judgment, the court cannot make credibility determinations, weigh evidence, or draw inferences for the movant. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. The evidence of the nonmovant, however, is to be believed, and all justifiable inferences are to be drawn in the nonmovant's favor. *Id.*

**3.** Marsh's Motion does not ask the court to grant summary judgment on Walston's claim against Marsh in his individual capacity, and the court does not consider such relief here. *See, e.g., Doe*

### B. Analysis

■ Plaintiff's Amended Complaint names the current Chief of Police, Gene Marsh, as a defendant in both his individual and official capacities. *See* Pl.'s Amd. Cmplt. at paras. 8, 38. Marsh argues that a suit against a public employee in his official capacity is simply another way to sue the governmental entity, and that the "official capacity" claim against the individual is redundant and unnecessary. Marsh's "Official Capacity" Mot. at 4 (citing *Doe v. Rains I.S.D.*, 865 F.Supp. 375, 378 (E.D.Tex.1994), *rev'd on other grounds*, 66 F.3d 1402, 1417 (5th Cir.1995)).[3] Walston filed a response, alleging that if the City's Motion to Dismiss and this Motion were simultaneously granted, then the City would be removed as a party and insulated from liability. Walston's only objection to Marsh's Official Capacity Motion is the potential removal of the City as a defendant.

■ Since the court rejected City's Motion to Dismiss, and the City is still a Defendant, Walston's objections and response are moot. Alternatively, Walston's "official capacity" suit against Chief Marsh is "redundant and unnecessary." *Doe v. Rains I.S.D.*, 865 F.Supp. at 378. Summary judgment is properly granted for an official sued in his or her official capacity where the governmental entity that would indemnify the official is already a defendant. *Id.; Thompson v. City*, 838 F.Supp. 1137, 1143 (N.D.Tex.1993) (citations omitted).

Accordingly, Marsh's Motion for Summary Judgment as to Plaintiff's "Official Capacity" action against him, is GRANTED. Chief Marsh is still a defendant in this suit, however, in his individual capacity.

### CONCLUSION

Accordingly, Defendants' Motion to Dismiss Based on Limitations is hereby DENIED. Defendant City of Port Neches' Motion to Dismiss is DENIED. Defendant Marsh's Motion for Summary Judgment as

*v. Rains I.S.D.*, 865 F.Supp. at 379 (Defendant's summary judgment in her official capacity is granted, but Defendant remains a party as to her individual capacity).

to Plaintiff's "official capacity" action against him is GRANTED.