642 F.2d 129
 27 Fair Empl.Prac.Cas. 266,
25 Empl. Prac. Dec. P 31,720
Dorothy H. DRAYDEN, Alvesia C. Echols and Ernestine Sayles
Wilson, Plaintiffs- Appellants,
v.
NEEDVILLE INDEPENDENT SCHOOL DISTRICT, Louis E. Ludwig,
United States of America and The Department of
Health and Human Services, Defendants-Appellees.
 No. 80-1128.
 United States Court of Appeals,
Fifth Circuit.
 
 Unit A
 April 8, 1981.
 Horace R. George, Houston, Tex., for plaintiffs-appellants.
 Reynolds, Allen & Cook, Houston, Tex., for Needville Independent School Dist. and Louis E. Ludwig.
 Anna E. Stool, Asst. U. S. Atty., Houston, Tex., for U. S. and Dept. of Health, etc.
 Appeal from the United States District Court for the Southern District of Texas.
 Before RUBIN and GARZA, Circuit Judges, and SUTTLE,* District Judge.
 GARZA, Circuit Judge:
 
 
 1
 The appellants filed a complaint on May 9, 1979, alleging a violation of their civil rights under 42 U.S.C. §§ 1981, 1985 and 1986. The appellants are all black women who were employed as teachers by the Needville Independent School District. The three were allegedly discharged without a hearing by the school district in 1966. The appellants claimed that a written complaint was filed with the Equal Employment Opportunity Commission (EEOC) in May of 1966 against the school district. The appellants allege that the EEOC took no action until March 19, 1978, when the Department of Health, Education and Welfare issued a directive to the school district that it was not complying with Title VI of the Civil Rights Act of 1964 regarding teacher dismissals. The appellants in their original complaint sought declaratory relief against the school district, as well as injunctive relief prohibiting the federal government from allocating funds to the school district. The appellants also sought an order requiring the school district to return all federal funds it had received and in addition sought damages and attorney's fees. A more detailed amended complaint was filed in August of 1979.
 
 
 2
 On August 23, 1979, the district court ruled that the action was barred by the state statute of limitations, Tex.Rev.Civ.Stat.Ann. art. 5526 (Vernon's Supp.1980). The court allowed the appellants to file an amended complaint. The amended complaint was then filed on November 16, 1979, in which the appellants sought declaratory and injunctive relief and damages pursuant to 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. §§ 2000d-2000d-6, the latter statutes known collectively as Title VI of the Civil Rights Act of 1964. Finally on December 10, 1979, the district court dismissed the action for failure to state a claim on the grounds that any action brought under § 1985 is barred by the state statute of limitations and that 42 U.S.C. § 2000d does not allow a private individual to bring a suit seeking the cessation of the allocation of federal funds to school districts.
 
 
 3
 The appellants now challenge the district court's rulings as to the § 1985 and Title VI claims. The federal civil rights laws do not contain a provision regarding a statute of limitations. Thus, although federal law controls the date of the beginning of the action, Rubin v. O'Koren, 621 F.2d 114, 116 (5th Cir. 1980), the applicable state law determines the length of the limitation period within which to bring the action. Kirk v. Cronvich, 629 F.2d 404, 406 (5th Cir. 1980); Dumas v. Town of Mt. Vernon, Alabama, 612 F.2d 974, 977 (5th Cir. 1980). In the present case, the applicable period of limitations is two years. Tex.Rev.Civ.Stat.Ann. art. 5526 (Vernon's Supp.1980).
 
 
 4
 In civil rights cases, a cause of action commences when a plaintiff knows or has reason to know of the injury which is the basis of the action. Rubin v. O'Koren, 621 F.2d at 116. In this case, if the injury was the discharge, it occurred in 1966. If, however, the injury was the conspiracy, it presumably began when the EEOC complaint was filed. This was also in 1966. The appellants contend that the running of the statute of limitations was tolled because of an ongoing conspiracy among the defendants in failing to correct the alleged wrongs. This ongoing conspiracy argument of appellants is specious. The alleged unlawful discharges occurred in 1966 and no further injury occurred to the appellants beyond those discharges. The fact that an EEOC claim is pending does not toll the statute of limitations in regard to actions under the civil rights statutes. Dumas v. Town of Mt. Vernon, Alabama, 612 F.2d at 979. The appellants were well aware of the alleged wrong done to them and were not prevented from filing a lawsuit within two years of their discharges. In light of the foregoing, the district court was correct in ruling that the appellants' § 1985 claim was time barred.
 
 
 5
 The district court dismissed the second claim under Title VI for failure to state a claim, holding that no private right of action exists under that part of the civil rights statutes. In their second amended complaint, the appellants sought a number of forms of relief under the auspices of Title VI. The appellants requested the court 1) to require the school district to repay all federal funds it has received since it began discriminating against black teachers, 2) to order all federal assistance to the school district to be terminated and 3) to order the Department of Health, Education and Welfare (now Health and Human Services) "to take proper action." The appellants also sought backpay and attorney's fees.
 
 
 6
 Although the Supreme Court has yet to categorically hold that a private right of action does or does not exist under Title VI, recent cases indicate that a private right of action may be cognizable in certain circumstances. 42 U.S.C. § 2000d[1] forbids any person or institution which receives federal funds to discriminate on the basis of race, color or national origin. The purpose of Title VI is twofold: 1) to avoid the use of federal funds to support discriminatory practices, and 2) to provide individual citizens effective protection against these practices. Cannon v. University of Chicago, 441 U.S. 677, 704, 99 S.Ct. 1946, 1961, 60 L.Ed.2d 560, 579 (1979). The first purpose is fulfilled by the statutory procedures found under Title VI for the termination of federal funds due to intentional engagement in discriminatory practices. See 42 U.S.C. § 2000d-1; 45 C.F.R. §§ 80.1-80.13 and apps. A & B (1979). These procedures are highly structured and provide a great number of preconditions before such funding can be terminated.
 
 
 7
 A majority of the Court has refused to reach the issue of whether there is a private right of action under Title VI. Regents of the University of California v. Bakke, 438 U.S. 265, 328, 98 S.Ct. 2733, 2767, 57 L.Ed.2d 750, 795 (1978).[2] The Supreme Court has assumed, however, that the beneficiaries of federal assistance have, under Title VI, a private right of action to satisfy the second objective of Title VI, the termination of the offending discriminatory activity itself by declaratory or injunctive relief.[3] Cannon v. University of Chicago, 441 U.S. at 702, 99 S.Ct. at 1960, 60 L.Ed.2d at 578 n. 33; Bakke, 438 U.S. at 419, 98 S.Ct. at 2814, 57 L.Ed.2d at 852 and n. 28 (Stevens, J., concurring in part and dissenting in part). See also Bossier Parish School Board v. Lemon, 370 F.2d 847, 852 (5th Cir. 1967) (holding that black students who had been victims of discrimination had standing to assert their rights under Title VI).[4]
 
 
 8
 However, even assuming that the appellants do have a right to bring a private cause of action seeking to declare acts perpetrated by a school district as discriminatory and seeking to enjoin any such future action under the provisions of Title VI, such a finding has already been made by the HEW in this case.[5] The HEW decided in 1978 that the school district was not in compliance with Title VI regarding its dismissal of the appellants. The HEW also reached a voluntary settlement with the school district. Any declaratory or injunctive relief granted by a district court regarding the cessation of discriminatory practices regarding the appellants would now be moot, not to mention redundant and superfluous.
 
 
 9
 Finally, this private right of action allowed under Title VI encompasses no more than an attempt to have any discriminatory activity ceased. It does not include the right to recover backpay or other losses, which the appellants seek in this action.[6] Therefore, based upon the above discussion, we find that taking the complaint as true in all respects in regard to the Title VI claim, the appellants have failed to state a claim upon which relief can be granted. Having already determined that the § 1985 claim is time barred, we find no error in the ruling of the district court.
 
 
 10
 AFFIRMED.
 
 
 
 *
 District Judge for the Western District of Texas, sitting by designation
 
 
 [1]
 42 U.S.C. § 2000d reads as follows:
 No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of or be subjected to discrimination under any program or activity receiving Federal financial assistance.
 
 
 [2]
 The Court has discussed the issue of a private right of action under Title VI in a more recent case, but it was mentioned in the context of an appeal brought under Title IX. 20 U.S.C. §§ 1681-1686. In that case, Cannon v. University of Chicago, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979), the Court reasoned that a private right of action might exist under Title IX. Id. at 705-07, 99 S.Ct. at 1961-63, 60 L.Ed.2d at 580-81
 
 
 [3]
 Although the Court in Cannon relied predominately upon legislative history to show that legislators at the time of the enactment of Title IX presumed a private right of action, the Court also noted that 20 U.S.C. § 1617, which authorizes federal courts to award attorney's fees to the prevailing parties in private actions brought against public educational agencies to enforce Title VI, was a further indication that a private right of action could be assumed. Cannon, 441 U.S. at 699, 99 S.Ct. at 1958, 60 L.Ed.2d at 576-77
 
 
 [4]
 In the present case, the government concedes that beneficiaries under Title VI might be entitled to bring a cause of action against HEW for injunctive relief to require the Department to more quickly enforce the provisions of Title VI. The Department contends, however, that the appellants are not beneficiaries. Brief for the United States of America and the Department of HEW at 13. We agree with HEW that in cases such as the present one, students are certainly beneficiaries of federal assistance to public schools. See Bossier Parish School Board v. Lemon, 370 F.2d at 852. Because we find appellants' claim for injunctive relief to be moot, it is unnecessary to answer the question of whether teachers are beneficiaries of the federal assistance given to the school district, and, therefore, have standing to bring a cause of action under Title VI. See e. g., Rogers v. Frito-Lay, 611 F.2d 1074, 1079-80 (5th Cir. 1980)
 
 
 [5]
 Because plaintiffs' claims under Title VI are moot, we find it unnecessary to discuss whether Title VI encompasses a private action regarding termination of federal funding to a school district. See, e. g., N.A.A.C.P. v. Medical Ctr., Inc., 599 F.2d 1247 (3d Cir. 1979); see also Regents of the University of California v. Bakke, 438 U.S. 265, 328, 98 S.Ct. 2733, 2767, 57 L.Ed.2d 750, 828 (1978) (separate opinion of White, J.) and 438 U.S. at 419, 98 S.Ct. at 2814, 57 L.Ed.2d at 852 (Stevens, J., concurring in part and dissenting in part, joined by Burger, C. J., Stewart and Rehnquist, JJ.). In addition, we note that to the extent plaintiffs seek recapture of previously paid federal funds, Title VI authorizes no such relief
 
 
 [6]
 In regard to appellants' request for backpay, it should be noted that two of the four defendants would be able to avail themselves of the defense of sovereign immunity. Neither the United States nor the Department of Health and Human Services is amenable to suit if the judgment sought would expend itself on the public treasury or domain unless the sovereign immunity has been waived by statute. See Unimex, Inc. v. United States Department of Housing and Urban Development, 594 F.2d 1060, 1061 (5th Cir. 1979); Schlafly v. Volpe, 495 F.2d 273, 280 (7th Cir. 1974). There has been no statutory waiver of sovereign immunity in Title VI cases