Todd F. SHUTTLEWORTH, Plaintiff,

v.

BROWARD COUNTY, a governmental body of the State of Florida, Floyd T. Johnson, individually, and in his capacity as an official of Broward County, Noel M. Pfeffer, individually, and in his capacity as an official of Broward County, John Curry, individually, and in his capacity as an official of Broward County, and John Canada, individually and in his capacity as an official of Broward County, Defendants.

No. 85-6623-CIV.

United States District Court, S.D. Florida, N.D.

Dec. 3, 1986.

American Civil Liberties Union, Larry Corman, Hodgson, Russ, Andrews, Woods & Goodyear, Fort Lauderdale, Fla., for plaintiff.

Gordon Rogers and David V. Kornreich, Muller, Mintz, Kornreich, Caldwell, Casey, Crosland & Bramnick, P.A., Miami, Fla., for defendants.

**ORDER**

GONZALEZ, District Judge.

This cause has come before the court upon the motion of the defendants, Broward County, et al., to strike the plaintiff's request for compensatory money damages under Count IX of the plaintiff's amended complaint.

The plaintiff seeks, in Count IX of his amended complaint, recovery for violation of § 504 of the Rehabilitation Act, 29 U.S.C. § 794. The plaintiff concedes that he "did not specifically request damages for emotional distress, mental anguish, loss of health and injury to reputation," for his claim under the Rehabilitation Act. Plaintiff's Response to Motion to Strike at 2. The plaintiff, however, argues that a general request in his amended complaint for "such additional relief as the court deems appropriate and just" is sufficient to constitute a proper demand for compensatory damages.

The defendants claim lack of notice for the plaintiff's intention to seek compensatory damages and have filed the instant motion to prevent the plaintiff from recovering such damages at trial. The defendants maintain that the plaintiff is not entitled to such damages because he did not properly request them in his amended complaint. Alternatively, assuming the plaintiff has properly requested compensatory damages, the defendants maintain that such damages are not recoverable in an action brought under § 504 of the Rehabilitation Act.

■ The plaintiff is correct, that pursuant to Rule 54(c) of the Federal Rules of Civil Procedure a court may grant such relief as is proper notwithstanding the failure of a party to demand such relief in the pleadings. *Holt Civic Club v. City of Tuscaloosa*, 439 U.S. 60, 99 S.Ct. 383, 58 L.Ed.2d 292 (1978). This conclusion, however, does not assist the plaintiff unless the plaintiff is entitled to the relief he seeks. The court, therefore, must determine the extent of damages available to the plaintiff under his claim for violation of the Rehabilitation Act.

It is, at present, unclear precisely what damages may be awarded to prevailing plaintiffs in actions brought under section 504 of the Rehabilitation Act. The Eleventh Circuit has aptly characterized the issue as "murky." *Georgia State Conference of Branches of NAACP v. Georgia*, 775 F.2d 1403, 1428 (11th Cir.1985) (quoting *Manecke v. School Board of Pinellas*

*County*, 762 F.2d 912, 921 n. 8 (11th Cir. 1985) *cert. denied*, —— U.S. ——, 106 S.Ct. 809, 88 L.Ed.2d 784 (1986)).

The plaintiff seeks, in addition to back pay and reinstatement, money damages for mental anguish and emotional distress. The defendants challenge the plaintiff's right to money damages for emotional distress and mental anguish and assert that the plaintiff's only remedies under § 504 are equitable type remedies which are limited to "back pay, reimbursement for expenses ... due to lost fringe benefits, ... reinstatement and injunctive relief...." Defendants' Memorandum of Law in Support of Alternative Motion to Strike at 7.

The Rehabilitation Act as passed by Congress in 1973, "establishe[d] a comprehensive federal program aimed at improving the lot of the handicapped." *Consolidated Rail Corporation v. Darrone*, 465 U.S. 624, 104 S.Ct. 1248, 1250, 79 L.Ed.2d 568 (1984). Section 504 of the Act, 29 U.S.C. § 794 provides in relevant part:

> No otherwise qualified handicapped individual ... shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance....

As noted by the Supreme Court in *Consolidated Rail*, "[t]he language of th[is] section is virtually identical to that of § 601 of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d)...." *Id.* at 626, 104 S.Ct. at 1250. In 1978, Congress amended the Rehabilitation Act of 1973, and added section 505(a)(2), 29 U.S.C. § 794a. Section 505(a)(2) provides that the "remedies, procedures and rights set forth in Title VI of the Civil Rights Act of 1964," apply to actions brought pursuant to § 504 of the Act. *Id.; see also* 29 U.S.C. § 794a(a)(2).

Prevailing plaintiffs under § 504, then, are entitled to the same damages as are awarded to successful plaintiffs in Title VI actions. Unfortunately, this does not greatly simplify the issue before this court. The view of the Supreme Court as to the type of damages that are recoverable under Title VI has been revealed only

through a "badly fragmented decision." *Manecke*, 762 F.2d at 922 n. 8 (referring to *Guardians Ass'n v. Civil Service Comm'n.*, 463 U.S. 582, 103 S.Ct. 3221, 77 L.Ed.2d 866 (1983)).

As the Eleventh Circuit noted in *Manecke*, "[a]lthough none of the various opinions [in Guardians] garnered majority support, a reading of them reveals that at least five Justices would not allow *compensatory* relief to a private plaintiff under Title VI absent proof of discriminatory intent." *Manecke*, 762 F.2d at 922 n. 8 (citing *Guardians*, 463 U.S. at 3235, 103 S.Ct. at 3235 n. 27). At least one court has held that compensatory damages as used in the context of Title VI means something different from its ordinary meaning. *Bradford v. Iron County C–4 School Dist.*, 36 F.E.P. Cases 1296, 1300 (E.D.Mo.1984). Compensatory damages is an expansive term which would normally include damages for humiliation and emotional distress. *Walker v. Ford Motor Co.*, 684 F.2d 1355, 1364 n. 16 (11th Cir.1982).

As used in the context of employment discrimination, the term compensatory damages has been defined as including retrospective relief in the form of back pay, reinstatement and attorneys' fees, but does not include damages for mental suffering or humiliation. *Bradford*, 36 F.E.P. Cases at 1301–2.

More recently, and in the context of the Rehabilitation Act directly, the Supreme Court has held that a "plaintiff who alleges intentional discrimination [may] bring an equitable action for backpay." *Consolidated Rail Corp.*, 465 U.S. at 630, 104 S.Ct. at 1252. The Court, however, did not decide to what extent, if any, a plaintiff may recover money damages under § 504. *Id.*

Lacking clear guidance from cases construing the Rehabilitation Act itself or Title VI, this court will also look to Title VII for guidance in determining what remedies are available to successful plaintiffs in employment discrimination suits. Such a comparison is particularly appropriate here since the plaintiff's claim under the Rehabilitation Act is brought to redress discrimination in employment, and Title VII was passed to redress discrimination in the workplace. *Bradford*, 36 F.E.P. Cases at 1301.

The Eleventh Circuit held, in *Walker v. Ford Motor Company*, 684 F.2d at 1364, that "compensatory and punitive damages [were] unavailable in Title VII suits." In a footnote of the opinion the panel noted that compensatory damages did not refer to "back pay or restoration or other lost work benefits," but refers instead to "claims for emotional distress (or pain and suffering) or else requests for damages resulting from the consequences of an adverse employment action such as a ruined credit rating." *Id.* at n. 16.[1]

As observed by the court in *Bradford*, it would be "unjust to permit a larger recovery to a worker who was fired solely because of a handicap than would be awarded to a person fired solely because of her race, sex or religion." *Bradford*, 36 F.E.P. Cases at 1301. The Rehabilitation Act as well as Title VI, are products of Spending Clause legislation. *Id.* It can be argued that withdrawal of federal funds may be a sufficient incentive to prevent future acts

---

1. The court has read the recently decided case of *Walters v. City of Atlanta*, 803 F.2d 1135 (11th Cir.1986), in which the Eleventh Circuit upheld an award of damages for mental anguish. The plaintiff, in *Walters*, brought an action pursuant to 42 U.S.C. §§ 1983 and 1981, in addition to a claim under Title VII. Although not specifically stated, it appears the plaintiff was awarded mental anguish damages on his section 1981 claim and not for his claim under Title VII. An examination of the cases relied on by the court in *Walters* supports this conclusion. The case relied on in the body of the opinion, *Stallworth v. Shuler*, 777 F.2d 1431 (11th Cir.1985), was an action brought under 42 U.S.C. §§ 1981 and 1983 as well as under Title VII. The court in *Stallworth*, held that damages for emotional distress were recoverable under both section 1981 and section 1983. *Id.* at 1435. There is no indication in *Stallworth*, that the plaintiff could recover emotional distress damages under Title VII. In the absence of any indication by the Eleventh Circuit that it has receded from its earlier holding in *Walker v. Ford Motor Co.*, 684 F.2d 1355 (11th Cir.1982), this court concludes that emotional distress damages are unavailable under Title VII.

of discrimination. *Id.* Yet, as the court in *Bradford,* concluded, it would undermine the intent of Congress to provide relief to victims of discrimination by allowing only prospective injunctive relief or by relying on the withdrawal of future federal funds from the discriminating party. *Id.*

The Supreme Court noted in *Alexander v. Choate,* 469 U.S. 287, 105 S.Ct. 712, 720, 83 L.Ed.2d 661 (1985), that "[a]ny interpretation of § 504 must ... be responsive to two powerful but counterveiling considerations—the need to give effect to the statutory objectives and the desire to keep § 504 within manageable bounds." This court, therefore, concludes that the balance is best struck by allowing "equitable monetary damages similar to those recoverable under Title VII and [by denying] damages for mental suffering or humiliation." *Id.* The damages available to the plaintiff under § 504 include reinstatement, backpay and attorneys' fees. Accordingly, it is hereby

Tomar, Parks, Seliger, Simonoff & Adourian by Lisa J. Rodriguez, Haddonfield, N.J., for plaintiffs.

Moss, Powers & Lezenby by William R. Powers, Jr., Moorestown, N.J., for defendant Joseph Motley, Jr.

ORDERED AND ADJUDGED that the alternative motion of the defendants, Broward County, et al., to strike the plaintiff's request for damages under Count IX of the plaintiff's amended complaint is GRANTED.