**Alonzel A. RHODES, Jr., Plaintiff,**

v.

**CHARTER HOSPITAL, Defendant.**

Civ. A. No. J89–0062(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

Aug. 31, 1989.

Elizabeth L. Gilchrist, Jackson, Miss., for plaintiff.

James A. Keith, Brunini, Grantham, Grower & Hewes, Jackson, Miss., for defendant.

MEMORANDUM OPINION
AND ORDER

TOM S. LEE, District Judge.

Plaintiff, Alonzel A. Rhodes, Jr., brought this action alleging discrimination and intentional infliction of emotional distress by defendant, Charter Hospital of Jackson, Inc. (Charter). The cause is presently before the court on the motion of Charter to dismiss for failure to state a claim upon which relief may be granted. Plaintiff has responded to the motion, and the court has considered the memoranda with authorities submitted by the parties in ruling on the motion.

In June 1987 plaintiff was admitted to Charter, a private psychiatric hospital in Rankin County, Mississippi. Prior to his

admission, plaintiff had been diagnosed as having AIDS Related Complex.[1] After approximately thirteen days of treatment, hospital staff imposed a quarantine upon plaintiff, isolating him from other patients and restricting him to his room at all times, including meals. These restrictions prohibited him from participating in group therapy. A sign was placed on the door of Rhodes' room indicating that he suffered from an infectious disease. Whenever Charter personnel were in his room for any reason, they wore masks, gowns and gloves.

Plaintiff brought this action under 42 U.S.C. § 1983 (1981) and section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (1985 & Supp.1989), alleging that these actions by Charter constituted intentional discrimination against him because of his disease and caused the psychological condition for which he was admitted to the hospital to worsen.[2] He also alleges a state-law claim for intentional infliction of emotional distress. He seeks damages for emotional distress and mental anguish.[3]

## DAMAGES UNDER SECTION 504 OF THE REHABILITATION ACT

In support of its motion to dismiss, defendant argues that there can be no private action for damages for emotional distress under section 504 of the Rehabilitation Act. Section 504 prohibits discrimination against the handicapped by programs receiving federal funds:

No otherwise qualified individual with handicaps in the United States ... shall, solely by reason of her or his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance....

29 U.S.C. § 794 (1985 & Supp.1989).[4] The Rehabilitation Act is patterned closely after Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.* (1981), and incorporates the remedies of Title VI, stating that "[t]he remedies, procedures, and rights set forth in Title VI ... shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance." 29 U.S.C. § 794. Nevertheless, the question of what monetary damages are available under section 504 is unsettled, having aptly been described by one court as "murky." *Parks v. Pavkovic,* 753 F.2d 1397, 1409 (9th Cir.), *cert. denied,* 474 U.S. 918, 106 S.Ct. 246, 88 L.Ed.2d 255 (1985). The incorporation of Title VI remedies does little to illuminate the matter, as the remedies available under that statute are similarly uncertain. The specific question of whether damages for emotional distress may be recovered under section 504 has been addressed by only a handful of courts and is a question of first impression before this court.

The starting point in this circuit for the analysis of remedies available to a section 504 plaintiff is *Drayden v. Needville Independent School District,* 642 F.2d 129 (5th Cir. Unit A April 1981), an employment discrimination case brought under Title VI.[5] Discussing the relief available to the

---

**1.** AIDS Related Complex is a non-specific term often used to refer to the condition of being infected with the AIDS virus.

**2.** Defendant justifies its actions as precautionary measures which were reasonable in light of medical knowledge available at that time concerning the spread of the AIDS virus. Defendant does not address, and this court does not reach, the question of whether this type of conduct could ever constitute discrimination within the meaning of the Rehabilitation Act.

**3.** The complaint also seeks declaratory and injunctive relief, but plaintiff concedes that these claims are now moot.

**4.** The Rehabilitation Act defines the term "individual with handicaps" as any person who
(i) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment.
29 U.S.C. § 706(8)(B) (1985 & Supp.1989). The Supreme Court has held that a contagious disease may in some circumstances fall within this definition. *School Bd. of Nassau County, Florida v. Arline,* 480 U.S. 273, 107 S.Ct. 1123, 94 L.Ed.2d 307 (1987). Defendants do not dispute that plaintiff is within the Act's definition.

**5.** Because the Rehabilitation Act incorporates Title VI remedies, cases addressing the available

appellants, the court, without elaboration, stated that the right to maintain a private cause of action under Title VI "does not include the right to recover backpay or other losses." *Id.* at 133. However, subsequently the United States Supreme Court specifically addressed the nature of the remedies available under section 504, holding that a plaintiff alleging intentional discrimination may bring an action for back pay. *Consolidated Rail Corp. v. Darrone,* 465 U.S. 624, 104 S.Ct. 1248, 79 L.Ed.2d 568 (1984). Thus, *Drayden*'s sweeping prohibition against *all* monetary relief in Title VI actions no longer applies.

■ Also relevant to the issue of damages under section 504 is the 1983 Supreme Court case of *Guardians Association v. Civil Service Commission of New York,* 463 U.S. 582, 103 S.Ct. 3221, 77 L.Ed.2d 866 (1983), in which a badly fragmented court held that absent intentional discrimination, there can be no private cause of action for damages under Title VI. Although the separate opinions filed in that case express a wide variety of views as to the relief available under Title VI, a majority of the justices did imply that some form of monetary relief might be available under Title VI for intentional discrimination.[6] The parties in the present case make much of the question of the extent to which *Guardians* implicitly overruled *Drayden.* It is important to note that the monetary relief which had been awarded by the lower court in *Guardians* was in the limited form of back pay and back benefits, not general damages; thus, one could conclude that the justices who implied that some monetary relief might be available were, at most, approving the recovery of only back pay or similar awards. *See Bradford v. Iron County C–4 School Dist.,* 37 Empl.Prac.

Dec. (CCH) ¶ 35,404 (E.D.Mo.1984) (term "compensatory damages" as used in *Guardians* refers only to retrospective equitable damages akin to those awarded under Title VII). Discrimination cases commonly distinguish between awards for back pay and other types of monetary damages, characterizing back pay as an equitable, rather than legal, remedy. Because *Drayden* prohibited all monetary remedies, *Drayden* cannot be said to have been overruled in its entirety, either implicitly by *Guardians* or, as that case applies to section 504 actions, by *Darrone.* The court concludes that the prohibition in *Drayden* against damages other than back pay in Title VI actions remains the law of this circuit and is therefore applicable to section 504 cases.

■ Even were *Drayden* no longer authoritative on the question, other considerations compel the conclusion that damages for emotional distress are unavailable under section 504. The Supreme Court has indicated that section 504 analysis is to be balanced: "Any interpretation of § 504 must ... be responsive to two powerful but countervailing considerations—the need to give effect to the statutory objectives and the desire to keep § 504 within manageable bounds." *Alexander v. Choate,* 469 U.S. 287, 299, 105 S.Ct. 712, 719, 83 L.Ed.2d 661 (1985). Hardly anything could have greater potential for rendering section 504 actions unmanageable than the allowance of damages for emotional distress. In *Bradford,* a section 504 employment discrimination case, the court reached this very conclusion:

> Damages for mental suffering and humiliation are difficult to measure at best, are often sizeable, and have been editorialized as gratuitous bonuses or prize

remedies under Title VI are authoritative with respect to section 504. *See Marvin H. v. Austin Indep. School Dist.,* 714 F.2d 1348, 1357 (5th Cir.1983).

6. Justice White, announcing the judgment of the court in an opinion joined in relevant part by Justice Rehnquist, stated that "it may be that the victim of the intentional discrimination should be entitled to a compensatory award." *Guardians,* 463 U.S. at 597, 103 S.Ct. at 3230. Justice

Marshall, in a dissenting opinion joined by Justices Stevens, Brennan, and Blackmun, indicated that compensatory relief should be allowed under Title VI for both intentional and unintentional discrimination. Justice Powell, concurring in the judgment in an opinion joined in relevant part by the Chief Justice, would allow no private action for Title VI violations. Justice O'Connor, concurring, did not address the question.

money for prosecuting a successful suit.... The incremental remedial and deterrent effect that would be occasioned by damages for mental anxiety or humiliation does not warrant imposing significant added demands on funds intended to reach other innocent beneficiaries of federal financial assistance programs. As was said in a different context, § 504 was not intended to create general tort liability.

*Bradford,* 37 Empl.Prac.Dec. at 38,613–14 (citation omitted). This court finds the *Bradford* reasoning persuasive. Other courts addressing the issue have reached the conclusion that damages for emotional distress, pain and suffering, or similar injuries are not available under section 504. *See Marshburn v. Postmaster Gen. of the United States,* 678 F.Supp. 1182 (D.Md.) (no damages for pain and suffering), *aff'd,* 861 F.2d 265 (4th Cir.1988); *Shuttleworth v. Broward County,* 649 F.Supp. 35 (S.D. Fla.1986) (no damages for pain and suffering); *Martin v. Cardinal Glennon Memorial Hosp. for Children,* 599 F.Supp. 284 (E.D.Mo.1984) (no damages for mental anxiety and humiliation); *cf. Byers v. Rockford Mass Transit Dist.,* 635 F.Supp. 1387 (N.D. Ill.1986) (back pay recoverable but not compensatory or punitive damages); *David H. v. Spring Branch Indep. School Dist.,* 569 F.Supp. 1324 (S.D.Tex.1983) (recovery limited to costs expended because of discrimination).

Plaintiff contends that because most of these cases denying emotional distress damages for section 504 violations arose in the context of employment discrimination, they are not instructive on the question of what damages may be awarded in other contexts. He argues that it is unfair to limit section 504 recovery to back pay when back pay would obviously not be available in a nonemployment discrimination case. But even though in many cases of discrimination against the handicapped there may be no possible claim for back pay, it does not follow that those plaintiffs alleging oth-

er kinds of discrimination are entitled to other monetary relief. Indeed, it would hardly be consistent to allow recovery of damages for emotional distress by a plaintiff alleging discrimination outside of the employment context, but deny those same damages to a plaintiff alleging employment discrimination.[7]

The court concludes that the better reasoned view and the one most in keeping with the purpose of the Rehabilitation Act is that damages for emotional distress and humiliation are not recoverable and that therefore plaintiff has failed to state a claim under section 504.

## SECTION 1983

■ Defendant also contends that plaintiff's section 1983 claim should be dismissed. No lengthy analysis is necessary to conclude that plaintiff has failed to state a claim under section 1983. Defendant is a private entity, and plaintiff has alleged no facts that indicate that defendant acted under color of state law or that its acts constituted state action. *See Burgess v. City of Houston,* 718 F.2d 151, 154 (5th Cir.1983).

## CONCLUSION

The court concludes that plaintiff has failed to state a claim under either the Rehabilitation Act or section 1983 and that these claims should be dismissed. Because plaintiff's federal claims are being dismissed at the pleading stage, judicial economy favors dismissal of the pendent state-law claim as well. *See La Porte Constr. Co. v. Bayshore Nat'l Bank of La Porte, Tex.,* 805 F.2d 1254, 1257 (5th Cir.1986). However, an unconditional dismissal of the state-law claim could constitute an abuse of discretion in light of the fact that the one-year statute of limitations, Miss.Code Ann. § 15–1–35 (1972 & Supp.1988), has run on this claim. *Guthrie v. J.C. Penney Co., Inc.,* 803 F.2d 202 (5th Cir.1986); *Saulsberry v. Atlantic Richfield Co.,* 673 F.Supp.

---

7. In *David H.,* 569 F.Supp. at 1331, the court indicated that damages in the form of reimbursement of private school tuition are similar to back pay awards and are recoverable by a

student discriminated against by a public school even though other monetary damages are not recoverable.

811, 816 (N.D.Miss.1987) (*citing L.A. Draper & Son v. Wheelabrator–Frye, Inc.*, 735 F.2d 414, 428 (11th Cir.1984); *O'Brien v. Continental Ill. Nat'l Bank & Trust Co.*, 593 F.2d 54, 64–65 (7th Cir.1979)). Accordingly, the court will dismiss the pendent state-law claim upon the condition that defendant submit to the jurisdiction of the state circuit court and that it waive any defense to this claim based on the statute of limitations. Although it is plaintiff's election as to whether to pursue the state-law claim in state court, that choice shall be made within thirty days of entry of this order.

A separate judgment shall be entered pursuant to Federal Rule of Civil Procedure 58.

ORDERED.