Joseph **WITBECK**, Plaintiff,

v.

**EMBRY–RIDDLE AERONAUTICAL UNIVERSITY, INC.,** Defendant.

**No. 6:02–cv–739–Olr–18DAB.**

United States District Court,
M.D. Florida,
Orlando Division.

July 1, 2003.

Barney John Cummins, Cummins & Bass, P.A., Ft. Lauderdale, FL, for plaintiff.

Thomas J. Leek, Robert Taylor Bowling, Cobb & Cole, Daytona Beach, FL, for defendant.

## *ORDER*

G. KENDALL SHARP, Senior District Judge.

THIS CAUSE comes before the Court upon Defendant's motion for partial summary judgment (Doc. 29, filed 1 May 2003), to which Plaintiff has responded in opposition. (Doc. 33, filed 23 May 2003).

## I. BACKGROUND

Plaintiff Joseph Witbeck ("Witbeck") filed suit against Embry–Riddle Aeronautical University, Inc. ("Embry–Riddle"), alleging violations of Section 504 of the Rehabilitation Act ("Rehabilitation Act"). Witbeck claims that Embry–Riddle failed to accommodate his learning disability, which prevents him from understanding oral instruction. Before the Court is Embry–Riddle's partial motion for summary judgment, which seeks to limit Witbeck's damages. In his complaint, Witbeck seeks compensatory damages, punitive damages, attorneys fees and costs, damages for mental anguish, damage to his reputation and relationship with his mother, embarrassment and humiliation.

## II. DISCUSSION

### A. Summary Judgment

A court will grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed.R.Civ.P.* 56(c); *See e.g., Edwards v. Acadia Realty Trust, Inc.,* 141 F.Supp.2d 1340, 1344–45 (M.D.Fla.2001). Material facts are those that may affect the outcome of the case under the applicable substantive law. Disputed issues of material fact preclude the entry of summary judgment, but factual disputes that are irrelevant or unnecessary do not. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether the moving party has satisfied its burden, the Court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Matsushita Elec. Ind. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The moving party may rely solely on his pleadings to satisfy its burden. *Celotex,* 477 U.S. at 323–24, 106 S.Ct. 2548. A non-moving party bearing the burden of proof, however, must go beyond the pleadings and submit affidavits, depositions, answers to interrogatories or admissions that designate specific facts indicating there is

a genuine issue for trial. *Id.* at 324, 106 S.Ct. 2548. If the evidence offered by the non-moving party is merely colorable, or is not significantly probative, the Court may grant summary judgment. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505. Similarly, summary judgment is mandated against a party who fails to prove an essential element of its case. *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548.

### B. Rehabilitation Act Damages

Under the Rehabilitation Act, Witbeck is only entitled to compensatory damages. *See Barnes v. Gorman,* 536 U.S. 181, 189, 122 S.Ct. 2097, 153 L.Ed.2d 230 (2002). The *Barnes* Court expressly stated that relief under the Rehabilitation Act is akin to damages stemming from a breach of contract.[1] Punitive damages are generally not available for breach of contract. Therefore, Embry–Riddle correctly asserts that punitive damages are not available to Witbeck.

The Court analyzes Witbeck's purported damages for mental anguish, damage to his reputation and relationship with his mother, embarrassment and humiliation under the umbrella of emotional suffering. Courts have differed in their determinations whether emotional suffering are available compensatory damages for a Rehabilitation Act plaintiff. *Cf. Rhodes v. Charter Hosp.,* 730 F.Supp. 1383, 1385–86 (S.D.Miss.1989) (finding that emotional distress damages are unavailable under the Rehabilitation Act); *Shuttleworth v. Broward County,* 649 F.Supp. 35, 37 (S.D.Fla. 1986) (same) *with Recanzone v. Washoe County Sch. Dist.,* 696 F.Supp. 1372, 1378 (D.Nev.1988) (finding that emotional distress damages are available under the Rehabilitation Act). The Court finds that those courts which find emotional distress damages unavailable under the Rehabilita-

tion Act present a clearer and more well-reasoned framework.

For example, the *Rhodes* court found that "any interpretation of [the Rehabilitation Act] must be responsive to two powerful but countervailing considerations—the need to give effect to the statutory objectives and the desire to keep [the Act] within manageable bounds." *Rhodes,* 730 F.Supp. at 1385 (*quoting Alexander v. Choate,* 469 U.S. 287, 299, 105 S.Ct. 712, 83 L.Ed.2d 661 (1985)). The *Rhodes* court reasoned that "hardly anything could have greater potential for rendering [Rehabilitation Act] actions unmanageable than the allowance of damages for emotional distress." *Id.*

Moreover, the *Rhodes* and *Shuttleworth* courts employed the same form of analysis in reaching their conclusions as the *Barnes* Court, viewing Rehabilitation Act damages in light of a contractual breach. Given the guidelines delineated by the *Barnes* Court, the Court finds this a proper approach. Therefore, Witbeck cannot recover for punitive damages or emotional distress. His damages are limited to compensatory damages such as expenses and attorney's fees.

### III. CONCLUSION

For the foregoing reasons, Embry–Riddle's motion for partial summary judgment (Doc. 29, filed 1 May 2003), is **GRANTED.**

---

1. In so holding, the *Barnes* Court found that its decision in *Franklin v. Gwinnet County Public School* did not apply to Rehabilitation Act causes of action. *Barnes,* 536 U.S. at 187, 122 S.Ct. 2097.